<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MICHELLE S.,<br><br>                    Plaintiff,<br><br>        v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                    Defendant. | Civil Action No. 24-9721 (GC)<br><br>**<u>OPINION</u>** |

<u>**CASTNER, District Judge**</u>

**THIS MATTER** comes before the Court upon Plaintiff Michelle S.'s[1] appeal of the final

decision of the Commissioner of Social Security (Commissioner) denying Plaintiff's application

for Supplemental Security Income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. §

1381, *et seq*. After careful consideration of the entire record, including the entire Administrative

Record, the Court decides this matter without oral argument in accordance with Federal Rule of

Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and for other

good cause shown, the Commissioner's decision is **VACATED** and the matter is **REMANDED**

for further proceedings consistent with this Opinion.

I.      **<u>BACKGROUND</u>**

        A.      **Procedural History**

        Plaintiff is a 44-year-old woman with a high school education who previously worked in

---

[1]      The Court identifies Plaintiff only by first name and last initial. *See* D.N.J. Standing Order
2021-10.

merchandising and as a receptionist.  (AR 253.[2])  On February 24, 2022, Plaintiff filed an application for SSI, alleging that she became disabled as of November 11, 2016, the last time she performed paid work.[3]  (*Id.* at 28.)  Plaintiff alleged that she could not work because of five health conditions: diabetes, anxiety, depression, a back injury, and high blood pressure.  (*Id.* at 252.)  Plaintiff's claim was denied on June 28, 2022.  (*Id.* at 28.)  Upon reconsideration, Plaintiff's claim was denied again on October 31, 2022.  (*Id.*)  Following the denial of reconsideration, Plaintiff filed a written request for a hearing, which was held by telephone before the Administrative Law Judge (ALJ) on December 5, 2023.  (*Id.*)

On January 3, 2024, the ALJ issued Plaintiff an unfavorable decision.  (*Id.* at 39.)  The ALJ concluded that Plaintiff retained the ability to perform sedentary work with certain limitations and was therefore "not disabled under section 1614(a)(3)(A) of the Social Security Act."  (*Id.* at 30-39.)

Subsequently, Plaintiff requested a review of the ALJ's decision before the Appeals Council, which was denied on August 13, 2024.  (*Id.* at 1.)  Therefore, the ALJ's decision became the Commissioner's final decision.  (*Id.*)

On October 10, 2024, Plaintiff commenced this action pursuant to 42 U.S.C. § 405(g). (ECF No. 1.)  Plaintiff argues that the residual functional capacity (RFC) assessment within the

---

[2]    "AR" refers to the Administrative Record, available at ECF No. 8.  This Opinion cites the internal page numbers when referring to the Administrative Record.  Page numbers for all other docket citations refer to the page numbers stamped by the Court's e-filing system and not internal pagination of the parties.

[3]    SSI is only payable starting the month after an application is filed.  *See* 20 C.F.R. § 416.335. Therefore, although Plaintiff alleged a disability beginning in 2016, the Administrative Law Judge (ALJ) analyzed whether the claimant was disabled at the point the application was filed in 2022. Notwithstanding, the ALJ considered Plaintiff's "complete medical history."  (AR 28.)

ALJ's decision is not supported by substantial evidence and that the ALJ did not appropriately consider Plaintiff's subjective complaints of pain. *See generally* ECF No. 11.

## B.    The ALJ's Decision

The ALJ used the requisite five-step sequential evaluation process to determine that Plaintiff is not disabled. (AR 29-30.) *See also* 20 C.F.R. § 416.920(a)(4) (describing the five-step process).

At step one, the ALJ found that Plaintiff "has not engaged in substantial gainful activity since February 24, 2022, the application date."[4] (AR 30.)

At step two, the ALJ found that Plaintiff "has the following severe impairments: degenerative disc disease of the lumbar spine; lumbar radiculopathy; obesity; depression; [and] anxiety." (*Id.*) The ALJ noted that these impairments "significantly limit the ability to perform basic work activities" and thus are severe. (*Id.*) The ALJ determined that Plaintiff's other ailments, including hypertension and a heart impairment, are not severe because "they do not singly or in combination cause more than minimal limitations" in Plaintiff's ability to work. (*Id.*)

At step three, the ALJ found that none of Plaintiff's impairments nor any combination of impairments met or medically equaled the severity of any of the impairments listed in the applicable regulation. (*Id.* at 30-32.) *See also* 20 C.F.R. § 416.925(a) (regulation pointing ALJs to "appendix 1 of subpart P of part 404 of this chapter").

---

[4]    "Substantial gainful activity is work activity that is both substantial and gainful." 20 C.F.R. § 416.972. Substantial work activity "involves doing significant physical or mental activities. [A claimant's] work may be substantial even if it is done on a part-time basis or if [the claimant] do[es] less, get[s] paid less, or ha[s] less responsibility than when [the claimant] worked before." *Id.* § 416.972(a). "Gainful work activity is work activity that [a claimant] do[es] for pay or profit. Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized." *Id.* § 416.972(b).

At step four, the ALJ conducted an RFC assessment.[5]  (AR 33.)  The ALJ summarized Plaintiff's medical history and psychiatric consultative examination and briefly addressed Plaintiff's obesity and diabetes.  (*Id.* at 34-36.)  The ALJ reviewed three medical opinions documenting Plaintiff's difficulties with walking, sitting, or standing for "long periods" but found them only "partially persuasive" because they lacked "specific assessments" of Plaintiff's ability to walk, sit, or stand.  (*Id.* at 36-37).  The ALJ summarized the opinions of Disability Determination Services (DDS) examiners who concluded Plaintiff was not disabled but found them "not persuasive" as opinion evidence because "testimony received at the hearing support a finding of limitations."  (*Id.* at 37.)  The ALJ determined that although Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," Plaintiff's statements regarding the "intensity, persistence and limiting effects" of Plaintiff's symptoms were "not entirely" consistent with the record "because the subjective complaints [were] not fully supported by the objective medical evidence."  (*Id.* at 33-34.)

Accordingly, the ALJ concluded that Plaintiff could perform "sedentary work"[6] with certain exceptions:  Plaintiff could climb ramps and stairs occasionally but never climb ladders, ropes, or scaffolds, and Plaintiff could occasionally balance, kneel, or crouch but never stoop or crawl.  (*Id.* at 32, 37.)  The ALJ also determined that Plaintiff should "avoid all exposure to hazards

---

[5]    Residual functional capacity is defined as "the most you can still do despite your limitations."  20 C.F.R. § 416.945.

[6]    The Social Security Administration "determine[s] the physical exertion requirements of work in the national economy" by "classify[ing] jobs as sedentary, light, medium, heavy, and very heavy."  20 C.F.R. § 416.967.  "Sedentary work" is defined as work that involves "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."  *Id.* § 416.967(a).

such as machinery and heights" and that she could "understand, remember and carry out simple instructions." (*Id.* at 33.) Plaintiff "retain[ed] the capacity to function adequately to perform many basic activities associated with work," the ALJ wrote, because Plaintiff "reported in her function report that she could sit for up to one hour," "had no difficulty remaining seated during her psychiatric consultative examination," and "remains capable of most daily living activities." (*Id.* at 37.)

At step five, the ALJ considered whether jobs exist in the national economy that Plaintiff could perform given her age, education, work experience, and RFC results. (*Id.* at 38.) A vocational expert testified that Plaintiff could perform jobs such as order clerk, telephone quotation clerk, or charge account clerk, and provided estimates regarding the number of such jobs available in the economy. (*Id.*) As such, the ALJ concluded that "jobs exist in significant numbers in the national economy that the claimant can perform." (*Id.* at 37-38.) Therefore, the ALJ determined that Plaintiff was not disabled for SSI purposes. (*Id.* at 38.)

## II.    LEGAL STANDARD

### A.    Standard of Review

The Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g).[7] In conducting this review, the Court is "not permitted to re-weigh the evidence or impose [its] own factual determinations." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011) (citation omitted). Instead, the Court must "scrutinize the record as a whole to determine whether the conclusions reached are rational" and "supported by substantial evidence."

---

[7]    The standard of judicial review is the same for Social Security Disability Insurance as it is for SSI. *Johnson v. Comm'r of Soc. Sec.*, 398 F. App'x 727, 729 n.1 (3d Cir. 2010) ("The evaluation of the disability itself . . . is the same under [the Supplemental Security Income and Social Security Disability Insurance programs.] . . . Likewise, the standard of review is the same.").

*Gober v. Matthews*, 574 F.2d 772, 775-76 (3d Cir. 1978) (citation omitted).

Substantial evidence is "defined as 'more than a mere scintilla'; it means 'such relevant evidence as a reasonable mind might accept as adequate.'" *Hagans v. Comm'r of Soc. Sec.*, 694 F.3d 287, 292 (3d Cir. 2012) (quoting *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999)). Evidence is not substantial "if it is overwhelmed by other evidence—particularly certain types of evidence (*e.g.*, evidence offered by treating physicians)—or if it really constitutes not evidence but mere conclusion." *Nazario v. Comm'r Soc. Sec.*, 794 F. App'x 204, 209 (3d Cir. 2019) (quoting *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)). "Where the ALJ's findings of fact are supported by substantial evidence," the Court is "bound by those findings, even if [it] would have decided the factual inquiry differently." *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) (citation omitted); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Legal issues, in contrast, are subject to a plenary or *de novo* review. *See Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 208 n.10 (3d Cir. 2019) ("We exercise plenary review over legal conclusions reached by the Commissioner . . . .") (quoting *Chandler*, 667 F.3d at 359).

### B. Determining Disability

To be eligible for SSI due to disability under the Social Security Act, a claimant must establish that they are "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). The individual's impairment must be severe to the point that the individual cannot engage in his or her previous work or in "any other kind of substantial gainful work which exists in the national economy," *i.e.*, work that exists in significant numbers either in

the region where the individual lives or in several regions of the country. 42 U.S.C. § 1382c(a)(3)(B); *Plummer*, 186 F.3d at 427-28. A physical or mental impairment is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D). Disability determinations are made individually "based on evidence adduced at a hearing." *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000) (citation omitted).

### C.    Sequential Evaluation

The Social Security Administration has developed a sequential, five-step process for evaluating disability claims. The process considers whether the claimant:

> (1) is engaged in substantial gainful activity; (2) suffers from an impairment or combination of impairments that is "severe"; (3) suffers from an impairment or combination of impairments that meets or equals a listed impairment; (4) is able to perform his or her past relevant work; and (5) is able to perform work existing in significant numbers in the national economy.

*McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004) (citing 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f)). "The evaluation will continue through each step unless it can be determined at any point that the claimant is or is not disabled." *Rios v. Comm'r of Soc. Sec.*, 444 F. App'x 532, 534 (3d Cir. 2011) (citing 20 C.F.R. § 404.1520(a)(4)). The claimant bears the ultimate burden of proof at the first four steps, at which point the burden shifts to the Commissioner at the fifth step. *See Hess*, 931 F.3d at 201 ("The burden of proof is on the claimant at all steps except step five, where the burden is on the Commissioner of Social Security.") (citation omitted).

## III.    DISCUSSION

Plaintiff makes two arguments in support of her appeal. First, she argues that the ALJ's RFC assessment of her physical and mental impairments is not supported by substantial evidence. Second, she contends that the ALJ improperly analyzed her subjective complaints of pain. On

review of the ALJ's decision (*see* AR 28-39) and the Administrative Record (*see generally* ECF No. 8), the Court finds good cause to vacate and remand the Commissioner's decision regarding Plaintiff's physical impairments and complaints of pain.

### A.    The RFC Assessment

Plaintiff's first argument is that the RFC assessment is not supported by substantial evidence.  Plaintiff takes issue with two of the ALJ's conclusions: (1) that Plaintiff's physical impairments did not preclude her from performing sedentary work "on a regular and continuing basis"; and (2) that Plaintiff's mental impairments did not prohibit her from carrying out "simple instructions."  (ECF No. 11 at 10.)  Plaintiff argues that the ALJ's decision lacks an "accurate and logical bridge" between the evidence and these conclusions such that the Court cannot meaningfully review the ALJ's decision.  (*Id.*)  The Commissioner argues that substantial evidence in the Administrative Record supports the ALJ's RFC assessment and that even an explanation of "less than ideal clarity" should be upheld "if the agency's path may reasonably be discerned." (ECF No. 13 at 12-16.)  Having carefully considered the ALJ's findings in light of the entire Administrative Record, the Court needs greater explanation of the ALJ's determination that Plaintiff can perform sedentary work but is satisfied that substantial evidence supports the ALJ's conclusion regarding the "simple instructions" limitation.

In reaching a decision, an ALJ must evaluate the evidence and explain the reasons for accepting or rejecting evidence.  *Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981).  In addition, "[t]he adjudicator must . . . explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved."  SSR 96-8p, 1996 WL 374184 (July 2, 1996).  Still, the ALJ need not "chant every magic word correctly," *Hess*, 931 F.3d at 200 (citation omitted), as the hurdle is a low bar, and the Court's review is deferential, *Jones v. Barnhart*, 364

F.3d 501, 503 (3d Cir. 2004).  The decision ultimately should enable a reviewing court "to trace the path of the ALJ's reasoning from evidence to conclusion."  *Erica S. v. Comm'r of Soc. Sec. Admin.*, Civ. No. 20-6175, 2022 WL 1269788, at *6 (D.N.J. Apr. 28, 2022); *see also* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5858 (Jan. 18, 2017) ("We expect that the articulation requirements in these final rules will allow a subsequent reviewer or a reviewing court to trace the path of an adjudicator's reasoning, and will not impede a reviewer's ability to review a determination or decision, or a court's ability to review our final decision.").

Here, the ALJ's determination that Plaintiff can perform sedentary work fails to address certain material inconsistencies or ambiguities in the evidence, which prevents this Court from following the ALJ's reasoning from evidence to conclusion.  The ALJ explained that Plaintiff's reported inability to sit for long periods was discredited by her reported ability to sit for up to one hour and her ability to sit for the psychiatric examination.  (AR 37.)  However, sedentary work requires an individual to be able to remain seated for six hours with breaks at approximately two-hour intervals.  SSR 96-9p, 1996 WL 374185, at *6 (July 2, 1996).  Moreover, the length of the psychiatric consultative examination is not indicated in the ALJ's decision, the Administrative Record, or the Commissioner's brief.

In addition, while the RFC assessment provides a thorough summary of Plaintiff's medical history,[8] the ALJ does not explain how he weighed the evidence and whether he accepted or

---

[8]    The Court notes that the medical record summary contains a factual error that, when corrected, may impact the ALJ's conclusions.  In the ALJ's summary of an April 2022 physician visit, the ALJ stated that "straight leg raise was negative."  (AR 35.)  However, the record showed that Plaintiff had a negative straight leg raise for "RLE" (right lower extremity) and a positive straight leg raise for "LLE" (left lower extremity), the side relevant to Plaintiff's claim.  (*Id.* at 501-02.)  The Court cannot say with certainty that this error was harmless, as the extent to which

rejected the evidence. *Cotter*, 642 F.2d at 706. For example, the ALJ does not address Plaintiff's more recent medical records, in which Plaintiff's condition and symptoms appear to have worsened. Plaintiff's lumbar spine imaging report stated Plaintiff's discs appear "slightly wors[e] than previously." (*Id.* at 492). Later, Plaintiff received an epidural injection for pain treatment and next chose to pursue surgery, which she ultimately did not receive due to complications from diabetes. (*Id.* at 496, 499, 507.) These events are summarized in the decision, but the ALJ provides no explanation as to whether he accepted or rejected this evidence.

Finally, while Plaintiff reports that she reads (*id.* at 292), watches television (*id.*), listens to music (*id.*), takes medicine (*id.* at 289), surfs the Internet (*id.* at 546), does crossword puzzles (*id.*), and folds laundry (*id.* at 290), she also indicates that she cannot do activities such as driving (*id.* at 289) and putting socks on (*id.*). Indeed, Plaintiff continuously reiterates that she cannot sit for these activities for long periods of time. (*Id.* at 51-52, 288, 293, 481; *see also id.* at 54 (noting Plaintiff typically is in a reclined position).) Again, the ALJ provides no explanation as to how he weighed this evidence.

As such, the Court cannot trace the path from the evidence to the ALJ's conclusion that Plaintiff can sit for six hours with breaks at two-hour intervals to perform sedentary work. To affirm the ALJ's decision, the Court "need[s] from the ALJ not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was

---

these records factored into the ALJ's analysis is not stated in the ALJ's decision. This error may be significant, as consistency with the record is a factor that contributes to the persuasiveness of medical opinions, and inconsistencies between Plaintiff's subjective complaints and evidence in the record allow the ALJ to discount Plaintiff's pain. *See* 20 C.F.R. § 404.1520c(c)(2) (medical opinions are more persuasive when consistent with other evidence); *Ferguson v. Schweiker*, 765 F.2d 31, 37 (3d Cir. 1985) (pain cannot be discounted when testimony is reasonably supported by medical evidence).

rejected.  In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored." *Cotter*, 642 F.2d at 705; *see also Zirnsak v. Colvin*, 777 F.3d 607, 614 (3d Cir. 2014) ("[T]he ALJ is free to accept some medical evidence and reject other evidence, provided that he provides an explanation for discrediting the rejected evidence."); *Burnett v. Comm'r of Soc. Sec. Admin*, 220 F.3d 112, 121 (3d Cir. 2000) ("The ALJ did err by reason of his failure to consider and explain his reasons for discounting all of the pertinent evidence before him in making his residual functional capacity determination."); *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983) ("A single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence.").

The ALJ also erred when determining the persuasiveness of the various medical opinions because the ALJ did not discuss certain factors as required by agency regulation.  For claims filed on or after March 27, 2017, ALJs must analyze the supportability and consistency of medical opinions and explain how these factors were considered by the ALJ.  20 C.F.R. § 404.1520c(a), (b)(1)-(2).  Here, the ALJ did not clearly address the supportability and consistency factors such that they are "amenable to meaningful review."  *Lisa V. v. Comm'r of Soc. Sec.*, Civ. No. 21-14106, 2022 WL 3443987, at *7 (D.N.J. Aug. 17, 2022) (vacating and remanding Commissioner's decision in part because it inadequately articulated the supportability and consistency factors).

Without a more fulsome analysis of the pertinent medical evidence regarding Plaintiff's physical impairments, the Court is unable to find that the ALJ's decision is supported by substantial evidence.  On remand, the ALJ should clarify how the medical record impacted the conclusion that Plaintiff can sit for the amount of time required to perform sedentary work.  In addition, the ALJ should address the supportability and consistency of the medical opinions in the

record.  Although the ALJ may reach the same conclusion on remand, "it must be based on a proper foundation."  *Zuschlag v. Comm'r of Soc. Sec.*, Civ. No. 18-1949, 2020 WL 5525578, at *8 (D.N.J. Sept. 15, 2020).

The ALJ's conclusions regarding Plaintiff's mental impairments, while not presented in a way that simplifies the Court's review, nonetheless are supported by substantial evidence in the Administrative Record.  The RFC assessment states that Plaintiff could "understand, remember and carry out simple instructions."  (AR 33.)  The ALJ appears to rely on the summarized findings of the psychiatric consultative examiner.  (*Id.* at 35-36.)  While the ALJ does not provide a clear road map as to how he weighed the evidence from that examination, it becomes clear that substantial evidence supports the ALJ's determination that Plaintiff can meet the mental requirements of work with "simple instructions."  Plaintiff reported in her function report that she follows written and spoken instructions "very well."  (*Id.* at 293; *see also id.* at 277 (third party function report stating the same).)  She gets along with authority figures "very well," and she is good at handling stress and changes in routine.  (*Id.* at 293-94; *see also id.* at 278 (third party function report stating the same).)

While Plaintiff testified that her pain medications make her tired, (*id.* at 49), it is not clear that this would preclude work with simple instructions.  Indeed, at Question 20 on Plaintiff's function report, Plaintiff did not indicate that her conditions affect memory, completing tasks, concentration, understanding, or following instructions.  (*Id.* at 293; *see also id.* at 277 (third party function report stating the same).)  Plaintiff also testified that she suffers from panic attacks multiple times a week.  (*Id.* at 55-56.)  However, Plaintiff does not appear to have received medical treatment for panic attacks.  Taken together, the Court can trace the path from the evidence to the ALJ's conclusion that Plaintiff can perform work with simple instructions.

### B.    Subjective Complaints

Plaintiff and the Commissioner next dispute whether the ALJ correctly considered Plaintiff's subjective complaints of pain.  (ECF No. 11 at 16; ECF No. 13, at 16.)  The Court finds that the ALJ's analysis as currently written does not confirm for the Court that the ALJ appropriately considered Plaintiff's pain.

Plaintiff points to a standard from *Ferguson v. Schweiker*, 765 F.2d 31 (3d Cir. 1985), that articulates how ALJs should consider subjective complaints of pain.  (ECF No. 11 at 16-17.) *Ferguson* requires subjective complaints of pain to be seriously considered even if not fully confirmed by objective medical evidence.  765 F.2d at 37 (citing *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981)).  Under *Ferguson*, subjective complaints of pain alone may be disabling.  *Id.* (quoting *Smith*, 637 F.2d at 972).  *Ferguson* also instructs that when subjective complaints of pain are supported by medical evidence, "they should be given great weight."  *Id.* (citing *Taybron v. Harris*, 667 F.2d 412, 415 n.6 (3d Cir. 1989)).  Where testimony about pain is reasonably supported by medical evidence, *Ferguson* holds that an ALJ cannot discount claimant's pain unless there is contrary medical evidence.  *Id.* (citing *Green v. Schweiker*, 749 F.2d 1066, 1070 (3d Cir. 1984)).

Agency regulation and policy also instruct how ALJs consider subjective symptoms as part of RFC assessments.  When evaluating subjective symptoms, statements about pain and other subjective symptoms alone do not establish disability; rather, ALJs consider medical and nonmedical sources to understand how symptoms affect the claimant.  20 C.F.R. § 416.929(a), (c). Symptoms that are consistent with the evidence diminish a claimant's capacity for basic work activities.  *Id.* § 416.929(c)(4).  But "in all cases" in which subjective symptoms are alleged, the RFC assessment must "[i]nclude a resolution of any inconsistencies in the evidence as a whole" and must "[s]et forth a logical explanation of the effects of the symptoms, including pain, on the

individual's ability to work." SSR 96-8p. Moreover, the RFC assessment must discuss "why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence." *Id.* When the ALJ has directly observed the individual, the ALJ "is not free to accept or reject that individual's complaints *solely* on the basis of such personal observations." *Id.* (emphasis in original).

Here, the ALJ's recitation of the medical record and medical opinions included multiple references to Plaintiff's reports of pain. *See, e.g.*, AR 33 ("The pain radiates down the [claimant's] left leg into her left foot and her foot will become numb for hours."). Moreover, the medical record suggests that Plaintiff pursued many treatment options for her pain, including medication, epidural shots, and even surgery. (*Id.* at 33-35.) Ultimately, though, the ALJ concluded that Plaintiff's statements "concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (*Id.* at 33-34.) The ALJ continued, "[T]hey are inconsistent because the subjective complaints are not fully supported by the objective medical evidence." (*Id.* at 34.) However, the Court cannot identify the medical evidence that the ALJ relied upon in reaching this conclusion, and certain evidence suggests that the Plaintiff indeed experiences significant pain. On remand, the ALJ should "resol[ve] . . . inconsistencies" in the evidence and provide a "logical explanation of the effects of the symptoms, including pain, on the individual's ability to work." SSR 96-8p.

## IV.    <u>CONCLUSION</u>

For the reasons set forth above, and other good cause shown, the Commissioner's final decision is **VACATED** and **REMANDED**. An appropriate Order follows.


Dated:  September 24, 2025

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE